IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RASA FLORENCE,** | ) | |
| | ) | No: 19-03131 |
| Plaintiff, | ) | |
| | ) | Judge Manish S. Shah |
| v. | ) | |
| | ) | |
| **M. R. SALATA, # 19285, and C.S. RUVALCABA,** | ) | |
| **# 19709 and the CITY OF CHICAGO,** | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, RASA FLORENCE, (hereinafter referred to as "Plaintiff"), by his undersigned attorneys, Melinda Power and Susan Ritacca, and complains against Defendants and alleges as follows:

## INTRODUCTION

On October 21, 2018, Defendants, City of Chicago police officers Salata and Ruvalcaba, illegally detained and falsely arrested Plaintiff RASA FLORENCE as Plaintiff was legally in his car, then imprisoned him, and maliciously prosecuted him.

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the following: Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343(a), supplementary jurisdiction pursuant to 28 U.S.C. § 1367(a) and the Constitution of the United States.

## VENUE

2. The action properly lies in the United States District Court, Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1391(b)(2) as this is the judicial district in which the events giving rise to Plaintiff's claims occurred.

## PARTIES

3. The Plaintiff is a resident of Cook County, State of Illinois.

4. Defendants Salata and Ruvalcaba were, at the time of the occurrence, duly appointed City of Chicago police officers and engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Chicago.

5. At all times material to the complaint, Defendants Salata and Ruvalcaba were acting under color of law and of state law, ordinance, and/or regulation. They are sued in their individual capacity.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and was the employer and principal of Defendants Salata and Ruvalcava at all times relevant to this lawsuit.

## **FACTS**

7. Plaintiff resided at 1256 S. Keeler, Chicago Illinois at all relevant times germane to this Complaint, including on October 21, 2018.

8. Plaintiff was employed at the time of the incident that is the basis for this Complaint.

9. On October 21, 2018 around 4:15 pm, Plaintiff was driving his car, in the area of 4703 W. Harrison in the City of Chicago.

10. Plaintiff was driving from his church located at 1140 N. Lamon, Chicago, Illinois.

11. Plaintiff was not doing anything of a suspicious or furtive nature as he was driving.

12. Officers Salata and Ruvalcaba do not claim that they saw Plaintiff do anything of a suspicious or furtive when they saw him driving.

13. Officers Salata and Ruvalcaba claim that they ran the plate on Plaintiff's car and found that the registration status was suspended for a mandatory insurance violation.

14. Officers Salata and Ruvalcaba stopped Plaintiff's car.

15. Officers Salata and Ruvalcaba approached Plaintiff and asked him for identification, which Plaintiff gave them.

16. Plaintiff's drivers license and proof of insurance were current.

17. Defendant officers did a name check, which revealed that Plaintiff was a violent offender murderer who was required to register annually.

18. Defendants then falsely claimed that the name check stated that Plaintiff had last registered on January 4, 2017.

19. However, Plaintiffs registration was current since his last contact date was January 8, 2018.

20. Based on this false claim, Defendant officers ordered Plaintiff out of his car, arrested and searched him, and transported him to the 15th district Chicago police station.

21. Plaintiff repeatedly told the officers that his registration was current, but they ignored him.

22. The Defendant officers later admitted that Plaintiff's registration was current.

23. To justify his arrest and continued detention, the Defendant officers further claimed that, once arrested, they searched Plaintiff at the scene and found that Plaintiff possessed a knife.

24. Plaintiff did possess a knife, but, based on the size of the knife, the possession was legal.

25. The Defendant officers knowingly falsely charged Plaintiff with Unlawful Use of a Weapon, since the statute did not apply to the knife in Plaintiff's possession.

26. As a result of the Defendant Officer's false arrest of Plaintiff, he was held in custody and on October 22, 2018, ordered to pay a bond to be released.

27. However, due to the false arrest, the Illinois Department of Corrections placed a parole hold on Plaintiff, prohibiting his release.

28. Plaintiff had court on October 30, 2018, at which time the Court dismissed the criminal case against him.

29. However, due to the Illinois Department of Corrections parole hold, Plaintiff was held in custody until October 31, 2018, when his parole hold was removed.

30. As a result of the arrest, Plaintiff's car was impounded.

31. Plaintiff had to request and subsequently attend a hearing in order to get his car returned.

32. On November 5, 2018, the Administrative Law Judge, after hearing the evidence regarding the impoundment, ordered that Plaintiff's car was to be returned to him and that he would not have to pay any fees.

33. At the time of his arrest, Plaintiff had been working.

34. As a result of the false arrest and subsequent custody due to the Defendants' false arrest and malicious prosecution of Plaintiff, Plaintiff lost his job.

35. Prior to arresting Plaintiff, Defendant Officers had a duty to determine whether there was reasonable suspicion to stop Plaintiff and probable cause to justify the arrest, imprisonment and prosecution of Plaintiff.

36. Defendant Officers knew or should have known that the arrest and imprisonment of Plaintiff could only be made based upon probable cause if, at the moment the arrest was made, a prudent person would have believed Plaintiff had committed or was committing a crime.

37. Nevertheless, Defendant Officers arrested and imprisoned Plaintiff despite the lack of probable cause to arrest him; a prudent person would not have believed that Plaintiff had committed or was committing a crime for the reasons set forth above.

38. In addition, Defendant Officers directly and proximately caused the false arrest of Plaintiff under color of law and out of malice and/or in reckless disregard of his rights through the conduct and acts set forth above.

39. Defendant Officers knew or should have known that the prosecution of Plaintiff could only be made based upon probable cause if at the time of the arrest and at the time of signing a complaint, a prudent officer has reason to believe a crime was committed.

40. Nevertheless, Defendant Officers caused the commencement or commenced the prosecution of Plaintiff despite the lack of probable cause to arrest him and to bring any criminal charges against him for the reasons set forth above.

41. In addition, Defendant Officers knew or should have known that the official City of Chicago Police Department reports would be relied upon by the States Attorney's office to support and further the malicious prosecution of Plaintiff.

42. Defendant Officers reported false and incomplete statements and information in official City of Chicago Police Department reports. The Defendant Officers knew that they had no cause to

arrest Plaintiff.

43. Defendant Officers acted extremely and outrageously as set forth above.

44. Defendant Officers acted intentionally and/or knowing that there was a high probability that their conduct and actions, as set forth above, would cause emotional distress to Plaintiff.

45. Defendants' actions and conduct, as set forth above, proximately caused and did indeed inflict emotional distress on Plaintiff.

46. As a direct result of the acts and conduct of Defendant Officers, as set forth above, Plaintiff suffered the above-described damages.

### CLAIM I

**(42 U.S.C. § 1983 Claim for False Arrest and Imprisonment)**

47. Plaintiff realleges paragraphs 1-46 with the same force and effect as if fully set forth herein.

48. The actions and conduct of Defendant Officers, as set forth above, in falsely arresting Plaintiff on October 21, 2018 under color of law and without probable cause violated his Fourth Amendment right to be free from unreasonable seizure and Defendant Officers should be held liable for doing so pursuant to 42 U.S.C. § 1983.

49. The actions and conduct of Defendant Officers, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and caused him emotional distress, fear, anguish, humiliation and loss of liberty as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant Officers acted out of malice and/or in reckless disregard of his

rights; and, he demands whatever additional relief the Court deems equitable and just.

## CLAIM II
### (42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention)

50. Plaintiff incorporates and re-alleges paragraphs 1-49 as if set forth in their entirety.

51. Defendant Officers, acting under color of law and within the scope of their employment, accused and charged Plaintiff with criminal activity and exerted influence to initiate, continue and perpetuate judicial proceedings against Plaintiff without any probable cause to do so.

52. The Defendant Officers' participation in the prosecution of the Plaintiff, including the preparation of police reports, presenting false information to the State's Attorney, and the failure to repudiate their false arrest of Plaintiff despite the fact the Defendant Officers knew Plaintiff was innocent were all in violation of the Plaintiff's rights secured by the Fourth and Fourteenth Amendments.

53. The Defendant Officers' statements regarding Plaintiff's alleged culpability were made with knowledge that said statements were false and perjured. In so doing, Defendant Officers fabricated evidence and withheld exculpatory information.

54. In so doing, Defendant Officers caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously due to Defendants Officers' actions or inactions, resulting in injury to the Plaintiff.

55. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

56. As a result of Defendant Officers' misconduct described in this Count, Plaintiff suffered a loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## CLAIM III
### (Pendent State False Detention, Arrest and Imprisonment Claim Against the Individual Defendants)

57. Plaintiff realleges paragraphs 1–56 with the same force and effect as if fully set forth herein.

58. Defendant Officers willfully and wantonly caused to be or falsely detained, arrested and imprisoned the Plaintiff on October 21, 2018.

59. Defendant's actions directly and proximately caused Plaintiff's injuries and emotional distress as claimed above and constitute the tort of false arrest and imprisonment under Illinois law.

WHEREFORE, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant Officers acted out of malice and/or and in reckless disregard of his rights; and, he demands whatever additional relief the Court deems equitable and just.

## CLAIM IV
### (State Malicious Prosecution)

60. Plaintiff realleges paragraphs 1-59 with the same force and effect as if fully set forth herein.

61. Defendant officers arrested Plaintiff without probable cause and then provided false statements and drafted false and incomplete reports against Plaintiff; they maliciously cause to be brought and continued criminal charges against the Plaintiff.

62. The Defendants brought these charges for improper purposes, including to cover up their false arrest of the Plaintiff.

63. The criminal charge against the Plaintiff was disposed of in a manner indicative of Plaintiff's innocence, since the charge was dismissed.

64. Plaintiff sustained injuries as a result, including the loss of his liberty and employment.

WHEREFORE, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant Officers acted out of malice and/or and in reckless disregard of his rights; and, he demands whatever additional relief the Court deems equitable and just.

## CLAIM III
### (745 ILCS 10/9-102 Claim Against Defendant City of Chicago)

65. Plaintiff realleges paragraphs 1 –64 with the same force and effect as if fully set forth herein.

66. Defendant City of Chicago was the employer of Defendant Officers at all times relevant to the complaint.

67. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the Defendant City of Chicago in the amount awarded to him against Defendant Officers

as damages, attorneys' fees, costs and interest and/or for any settlement entered into between him and Defendant Officers and for whatever additional relief the Court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY A JURY.

Dated: September 16, 2019

Submitted by:

| | |
|---|---|
| /s/ Melinda Power | /s/Susan Ritacca |
| Melinda Power | Susan Ritacca Law Office |
| West Town Community Law Office | 601 S California Ave |
| 2502 W. Division, Chicago, Illinois 60622 | Chicago, Il 60612 |
| Tel: 773/278-6706    Fax: 773/278-0635 | T: 872-222-6960 / F: 872-228-9463 |